**RECEIVED**

2/5/09

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES, LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEREK K. RUNNELS** | : | **DOCKET NO. 2:08-cv-780** |
| **VS.** | : | **JUDGE MINALDI** |
| **KEY ENERGY SERVICES, INC.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

### I.

On December 9, 2008, a telephone conference took place during which it was determined that counsel for plaintiff would be allowed to withdraw from the case. Doc. 27. At the same conference, counsel for defendant informed the court of outstanding discovery propounded on plaintiff. *Id.* The court advised counsel to contact plaintiff directly in order to resolve these discovery matters. *Id.* If this means produced no result, the court advised defense counsel to file a motion to compel, which it would set for hearing. *Id.*

Defense counsel filed a Motion to Compel Plaintiff to Answer Outstanding Discovery on January 8, 2009, indicating that plaintiff failed to respond to discovery. Doc. 28. In accordance with the discussion during the December 9, 2008 telephone conference, the court ordered that a hearing regarding defendant's Motion to Compel would occur before the undersigned on February 5, 2009 at 1:30 p.m. Doc. 30. To ensure plaintiff's notice of the hearing, the undersigned further ordered the clerk's office to mail plaintiff a copy of the order and docket sheet.[1] *Id.* Finally, the Order contained the following proviso: "Plaintiff is noticed that should

---

[1] This notice was mailed to plaintiff at the address provided by Robert Beck, who submitted the information in his motion to withdraw as counsel to plaintiff Runnels. Doc. 25, at 1.

he fail to appear for the hearing or otherwise contact the court prior to the hearing date for a continuance of the hearing date, this matter is subject to dismissal for failure to prosecute and as a sanction for failure to comply with the Federal Rules of Civil Procedure concerning discovery." *Id.*

On February 5, 2009, defense counsel appeared before the undersigned ready to proceed with the hearing. Plaintiff failed to appear. At the hearing, the undersigned noted plaintiff's failure to appear at 2:00. Defense counsel fully set out the facts regarding the discovery at issue. The discover in question was served on plaintiff through his counsel on October 14, 2008. Requests for admissions were timely responded to on November 12, 2008. Plaintiff did not respond to interrogatories or requests for production, but was allowed an extra two weeks by defendant to respond to these matters. Defense counsel attested that up to the hearing date, plaintiff had not responded.

## II.

According to Fed. R. Civ. Proc. 37(d), when a party fails to comply with a court order respond to interrogatories, the court may take appropriate action, on motion, including "dismissing the action in whole or in part" by order. Fed. R. Civ. Proc. 37(d)(3) (referring to sanctions at Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)). Imposition of discovery sanctions is a matter of this court's discretion and is reviewed only for abuse. *Shipes v. Trinity Indus.*, 987 F.2d 311 (5th Cir. 1993), *reh'g denied* 996 F.2d 309 (1993), *cert. denied* 510 U.S. 991 (1993). Further, "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or claim against it." Fed. R. Civ. P. 41. In this case, defendant specifically seeks that "this matter be dismissed with prejudice for want of prosecution." Doc. 28, at 3.

this court's Order that he do so. Plaintiff was duly warned that his failure to appear would result in dismissal. Based on the above, this court finds that it is appropriate to recommend dismissal of plaintiff's action with prejudice.

For the foregoing reasons, IT IS RECOMMENDED that this action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on February 5, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE